ALMAR W. SHATTUCK'S ADMR. *v.* CENTRAL VERMONT RAILWAY CO.

October Term, 1906.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed January 10, 1907.

*Master and Servant—Negligence—Death by Wrongful Act— Railroads—Derailment—Proximate Cause—Question for Jury—Instructions—Contributory Negligence and Assumption of Risk—Harmless Confusion.*

In an action against a railroad company for the death of a locomotive engineer, resulting from his locomotive, with the ties, rails, and ballast, being precipitated down the railroad embankment, evidence considered, and *held* that it tended to show that the proximate cause of the accident was the insufficiency of the ties and rails, as alleged in the declaration; and that it was proper to submit to the jury the question whether that was the proximate cause, or whether the accident was due to a defective roadbed, as claimed by defendant, but not counted upon in the declaration.

It appeared that on July 31, the road was changed from a narrow gauge to a standard gauge, which required further work of construction, replacing of ties, and ballasting, before the completion of which, and on August 28, the accident happened; that between those dates the decedent's train was derailed many times, once before on the day of the accident. *Held* that, although by continuing in the service after the change of gauge, the deceased may have assumed the risk of dangers thereby created, the danger from insufficient ties and rails was not thereby created, but was an extraordinary risk not assumed by the deceased unless he had actual or imputed knowledge thereof.

Although the court in its charge may have confounded contributory negligence and assumption of risk, if there is any difference between them, defendant was not harmed thereby, for under the charge the jury must have negatived both assumption of risk and contributory negligence.

ÇASE, for negligence, brought by an administrator for benefit of the widow and next of kin, under V. S. 2451-2452. Plea, the general issue. Trial by jury at the April Term, 1906, Windham County, *Tyler,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

At the close of all the evidence, the defendant moved that a verdict be directed for it on the grounds that the evidence discloses no fact having a tendency to show that the defendant was liable as claimed in the declaration; that the dangers which caused the death of the deceased were incident to his employment, and therefore assumed by him; that as the road was undergoing construction and change from a narrow gauge to a standard gauge, as the deceased knew, by continuing in the service he assumed the risk of the dangers which caused his death. This motion was overruled, to which the defendant excepted.

Among other things, the court instructed the jury: "If there was any defect about this road at the point of the accident which Mr. Shattuck knew, or in the exercise of reasonable care he might have known, then it was a risk he assumed, and his administrator cannot recover for it; but although he knew of defects at other places in the road, and had met with accidents, unless there was something that called his attention to some defect at this particular place, and if he did not see it and could not, in the exercise of reasonable care in addition to his other duties as engineer, if he could not have seen it, then he did not assume the risk."

To this the defendant excepted, claiming that if the deceased had knowledge of defects of this general class anywhere on the road, he assumed the risk.

The declaration counted upon the negligence of the defendant in failing to provide, use, and keep in place in said

track suitable and proper rails, suitably and securely fastened together, and to provide, use, and keep in place in said track a sufficient number of ties or sleepers, of sound, suitable, and proper wood, and of sufficient size.

*Hunton & Stickney* for the defendant.

Plaintiff's intestate assumed the dangers incident to running an engine over the road while it was in process of construction, an occupation fraught with dangers which he fully understood and which caused his death.    I Shear & Red. Neg. §185; *Skinner, Admr.* v. *C. V. R. R. Co.,* 73 Vt. 336; *Johnson* v. *Boston & Maine R. R.,* 78 Vt. 334; *Brick* v. *Rochester &c. R. Co.,* 98 N. Y. 211; *Wannamaker* v. *Burke,* 111 Pa. St. 423.

ROWELL, C. J.    This is an action upon the statute for the benefit of the widow and next of kin of the deceased, whose death is alleged to have been caused by the negligence of the defendant.    The deceased was an engineer on the defendant's railroad from Brattleboro to South Londonderry.    The road was originally a narrow gauge, but was changed to a standard gauge in a single day by moving the rails on each side the requisite distance.    This change required further work of construction, replacing of ties, ballasting, etc.    After the change, but before the work of construction was completed, the engine that the deceased was running slid from the roadbed, the roadbed and the rails slid down a bank, the engine was overturned, and the deceased thereby killed.    The change was made the 31st of July, and the accident happened the 28th of August, and during that time the deceased's train was derailed many times to a greater or less extent, and once before on the day of the accident.    The rails in the vicinity of the

accident were of steel, but of iron at the point of accident, and of less weight.  It appeared that an iron rail was broken at that point, and that a piece of it went through the ashpan, and up through the air drum, and struck against the tender so as to bend it up at the end.  Another piece of rail was found near by, which the testimony tended to show was broken from the piece that went through the ashpan.  The testimony on the part of the plaintiff tended to show that some of the ties at the point of accident were too short, and badly decayed, especially at the ends.

The claims of the parties on trial can be best understood if stated in the words of the charge, thus:  "There have been two theories argued to you by counsel on the respective sides.  The plaintiff claims, and his counsel argues to you from the testimony and this piece of rail shown you here in court, that the primary cause of the accident was the breaking of this rail; that that let the engine down, and that being down, it went down the bank taking a portion of the roadbed with it.  On the other hand, the defendant claims, and its counsel argue to you, that the more reasonable theory is, that the roadbed itself was insufficient, so that when this heavy engine came along over it at this particular point, the roadbed itself went down, without regard to any insufficiency of the ties or the rails, but that it was the roadbed that gave way.  Now if you should find that this was really the cause of the accident, that it was the sinking of the roadbed and not the fault of rails or the rails and the ties, then the plaintiff cannot recover, because he has not sued for any defect in the roadbed itself.  I have already called your attention to that, that for the plaintiff to recover he must show that the defect was in the rails or the rails and the ties, or the tie itself, and that in consequence of this defect the engine went through and down the

bank, and carried some of the roadbed with it.   So I have called your attention to these two theories, and you must consider all the evidence bearing upon them, and say which, in your judgment, is the correct one."   And the plaintiff's claim was justified, both by his declaration and his evidence.

By continuing in the service after the change of gauge, the deceased may have assumed the risk of dangers thereby created, as claimed by the defendant.   But the danger here complained of was not thereby created, but existed independently of it, as the plaintiff's evidence tended to show; and therefore the case as presented is one of an extraordinary risk, because existing by the fault of the defendant, and therefore not assumed by the deceased unless he had knowledge of it, actual or imputed.

But the defendant says that in any view of the case the court confounded contributory negligence and assumption of risk.   This may be so, if there is any difference between them, as some say there is, for they say that contributory negligence can arise only when there is negligence on the part of the defendant, in which case, contributory negligence breaks the causal connection between the defendant's negligence and the injury complained of, and thus itself becomes the proximate cause of the injury, and defeats recovery; whereas assumption of risk negatives the existence of any duty on the part of the defendant by the breach of which he could be a wrongdoer.

But be this as it may, the defendant was not harmed by the confusion if any there was, for under the charge, the jury must have negatived both contributory negligence and knowledge of the risk.

*Judgment affirmed.*